IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARAMBA, INC. DBA PUEBLO VIEJO, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:19-cv-1973 |
| | § | |
| NATIONWIDE MUTUAL FIRE | § | |
| INSURANCE COMPANY AND | § | |
| CHERI LYNN MCGINNIS, | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant Nationwide Mutual Fire Insurance Company ("Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Caramba, Inc. DBA Pueblo Viejo v. Nationwide Mutual Fire Insurance Company and Cheri Lynn McGinnis*; Cause No. 19-04-05426; In the 410th Judicial District of Montgomery County, Texas.

## I.
## BACKGROUND

Plaintiff Caramba, Inc. DBA Pueblo Viejo (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 19-04-05426; In the 410th Judicial District of Montgomery County, Texas on April 17, 2019 (the "State Court Action").[1]

1.      Nationwide appeared and answered on May 31, 2019, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

---

[1]      *See* Plaintiff's Original Petition with citation, attached as **Exhibit A**.

[2]      *See* Nationwide's Original Answer, attached as **Exhibit B**. As of the date of this filing, defendant Cheri Lynn McGinnis has not been served with process.

2.      Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Nationwide in the State Court Action are incorporated in **Exhibit A**.  Pursuant to Local Rule 81, a fully copy of the state court file has been requested and will be filed upon receipt.

3.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Nationwide will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 410th Judicial District Court of Montgomery County, Texas.

4.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Nationwide of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of Parties**

6.      Plaintiff is domiciled in Montgomery County, Texas.[3]  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

7.      Nationwide Mutual Fire Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

---

[3]      *See* **Exhibit A**, Plaintiff's Original Petition with citation, at ¶ 1.

8.      Defendant Cheri Lynn McGinnis is domiciled in the State of Texas. However, McGinnis' citizenship should be disregarded because she has been improperly joined to this action.[4]

9.      Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

### i.    Improper Joinder

10.     A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a defendant that it improperly alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that it properly alleges is non-diverse.[5] Because McGinnis is non-diverse, only the latter option is implicated in this case.

11.     A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[6] A non-diverse defendant is improperly joined if there is merely a theoretical possibility of recovery.[7]

12.     Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[8] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain[s] sufficient factual matter, accepted as true, to state a claim

---

[4]     McGinnis' joinder in this removal is not necessary since she is not a properly joined party. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

[5]     *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[6]     *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

[7]     *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Campbell v. Stone Ins. Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).

[8]     *Kling Realty Co.*, 575 F.3d at 513.

to relief under Texas law."[9] In undertaking this decision, courts are to apply the federal pleading standards to the asserted state court claims.[10] The facts supporting removal must be judged at the time of removal.[11] A plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[12] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[13]

13.     In this case, Plaintiff has asserted causes of action against McGinnis for violations of the Texas Deceptive Trade Practices Act ("DTPA"), and Texas Insurance Code Chapters 541 and 542.[14] As explained below, Plaintiff's factual allegations against McGinnis fail to state any claim for relief rendering removal proper on the basis of improper joinder..

### ii.     *Plaintiff's DTPA Claims against McGinnis are insufficiently pled.*

14.     Plaintiff's DTPA claims against McGinnis are subject to the elevated pleading standards under Federal Rule of Civil Procedure 9(b).[15] Rule 9(b) mandates that a party alleging claims rooted in fraud must state "with particularity" the circumstances constituting the fraud. At minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the

---

[9]     *Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

[10]    *Int'l Energy Ventures*, 818 F.3d at 200-08.

[11]    *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[12]    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[13]    *Id.* at 570.

[14]    *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶¶ 53-62.

[15]    *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (holding Rule 9(b) applied to claims for violations of the DTPA when "the gravamen of the claim is fraud"); *Sinkin v. Pons*, No. 13-871, 2014 WL 12488583, at *7 (W.D. Tex. Sept. 16, 2014) (citing *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009)); *Spring Street Apts. Waco, LLC v. Phila. Indem. Ins. Co.*, No. W-16-CA-315-JCM, 2017 WL 1289036, at **4-5 (W.D. Tex. April 6, 2017) (Rule 9(b) applies to claims for relief brought under Tex. Bus. & Comm. Code § 17.50(a)(3)); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (noting that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not").

false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[16] "Failing to comply with Rule 9(b) authorizes a court to dismiss pleadings as it would for a failure to state a claim under Rule 12(b)(6).[17]

15.     Here, Plaintiff has alleged McGinnis violated several DTPA provisions and acted unconscionably.[18] Plaintiff has plainly failed to allege the necessary identifying information to support its claims under the DTPA against McGinnis. Plaintiff's DTPA claims merely recite the elements of each respective cause of action and fail even under the traditional 12(b)(6) standard.[19] As such, Plaintiff's claims against McGinnis under the DTPA are insufficiently pled under Rule 9(b) and 12(b)(6).

### iii.     *Plaintiff's Chapter 542 Claims against McGinnis Fail as a Matter of Law.*

16.     Plaintiff next asserts claims against McGinnis under Texas Insurance Code §§ 542.003(3)-(4).[20] However, there is no private right of action under these subsections.[21] The language of the [Texas Insurance] Code, its legislative history, and court interpretations of the Code suggest that only the Texas Department of Insurance can bring a claim under section

---

[16]   *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) requires that a plaintiff "'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Spring Street Apts. Waco, LLC*, 2017 WL 1289036, at *3 (quoting *Hermann Holdings Ltd v. Lucent Techs., Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002)).

[17]   *U.S. ex rel. Williams v. McKesson Corp.*, No. 3:12–CV–0371–B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

[18]   **Exhibit A**, Plaintiff's Original Petition with citation, at ¶¶ 61-62. Plaintiff alleges McGinnis violated Tex. Bus. & Comm. Code §§ 17.46(b)(2), (5), (7) and 17.50(a)(3).

[19]   *Id.*

[20]   *Id.* at ¶¶ 56-57. Nationwide presumes Plaintiff intended to assert claims under §§ 542.003(*b*)(3)-(4) (emphasis added).

[21]   *Terry v. Safeco Ins. Co. of Am.*, 930 F. Supp. 2d 702, 714 (S.D. Tex. 2013); *Great Am. Assur. Co. v. Willis*, 2013 WL 3962037, at *2 (W.D. Tex. Sept. 10, 2012); *La Verdure & Assocs. v. Depositors Ins. Co.*, No. 4:16-CV-00883, 2017 WL 4698150, at *7 (E.D. Tex. Oct. 19, 2017).

542.003."[22] Further, Chapter 542 only applies to insurers, and not individuals like McGinnis.[23] Thus, Plaintiff's Chapter 542 claims are not actionable against McGinnis.

### iv. *Plaintiff's Remaining Claims against McGinnis Fail the Rule 12(b)(6) Analysis.*

17.     Plaintiff's remaining claims[24] against McGinnis fail the Rule 12(b)(6) pleading standard analysis. Plaintiff has employed conclusory allegations that fall below the federal pleading standards and/or track the statutory language of cited statutory provisions.[25] Further, to the extent Plaintiff brings a claim for the breach of the duty of good faith and fair dealing against McGinnis, it has "merely lump[ed] diverse and non-diverse defendants together in undifferentiated liability averments" which "does not satisfy the requirement to state *specific actionable conduct* against the non-diverse defendant."[26] Under the Rule 12(b)(6)-type analysis of *Smallwood* and the application of federal pleading standards, Plaintiff has failed to assert claims for relief under Texas law against McGinnis.

18.     As explained above, McGinnis has been improperly joined to this action because each of Plaintiff's claims against McGinnis fail under a Rule 12(b)(6) analysis. Thus, there is

---

[22]     *Willis*, 2013 WL 3962037, at *2.

[23]     *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 723 (N.D. Tex. 2014); *see also* Tex. Ins. Code § 542.060(a).

[24]     Plaintiff has asserted violations of Texas Insurance Code Chapter 541 against McGinnis. *See* **Exhibit A**, Plaintiff's Original Petition with citation, at ¶¶ 58-59. In the "Damages" section of Plaintiff's Original Petition, Plaintiff also refers to "Defendants" when referencing its claim for the breach of the duty of good faith and fair dealing. *Id.* at ¶¶ 71-72. Plaintiff does not refer to a breach of the duty of good faith and fair dealing claim in the section entitled "Causes of Action against Defendant Cheri Lynn McGinnis" section of its Original Petition.

[25]     *Johnson v. The Travelers Home & Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146, at *2 (S.D. Tex. July 29, 2016) (Factual allegations that are not pled with sufficient specificity to distinguish facts from legal conclusions do not survive a Rule 12(b)(6) challenge).

[26]     *King v. Provident Life & Acc. Ins. Co.*, No. 1:09-CV-919, 2010 WL 2730890, at *3 (E.D. Tex. June 4, 2010) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

complete diversity of citizenship between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B.**      **Amount in Controversy**

19.      Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[27] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[28] Plaintiff's Original Petition states "Plaintiff currently estimates that actual damages to the Property under the Policy are $488,323.87."[29] In addition, Plaintiff alleges "monetary relief of no less than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees."[30] In addition, Plaintiff has alleged that Nationwide is liable for "treble damages under the Texas Insurance Code" and "all punitive, additional, and exemplary damages, as may be found."[31] Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[32]

20.      Therefore, the amount in controversy plainly exceeds $75,000, exclusive of interest and costs.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[27]      28 U.S.C. § 1446(c)(2); *see also Wilson v. Hibu, Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *2 (N.D. Tex. Oct. 28, 2013).

[28]      *John H. Carney & Assocs. v. State Farm Lloyds*, 376 F. Supp. 2d 697, 702 (N.D. Tex. 2005) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[29]      **Exhibit A**, Plaintiff's Original Petition with citation, at ¶ 66.

[30]      *Id.* at ¶ 74.

[31]      *Id.* at § Prayer.

[32]      *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

7

**III.**
**CONCLUSION**

21.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

22.     WHEREFORE, Defendant Nationwide Mutual Fire Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone: (512) 476-7834
Facsimile: (512) 476-7832

**ATTORNEY-IN-CHARGE FOR DEFENDANT**
**NATIONWIDE PROPERTY AND CASUALTY**
**INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

OF COUNSEL:

C Daniel DiLizia
Texas Bar No. 24099800
Southern District No. 2970159
ddilizia@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested on this the 31st day of May, 2019 to:

Chad T. Wilson                                             *9414 7266 9904 2137 9640 38*
Patrick McGinnis
Chad T. Wilson Law Firm, PLLC
455 W. Medical Center Blvd., Suite 555
Webster, Texas 77598

*/s/ Patrick M. Kemp*
Patrick M. Kemp

9