# Exhibit A



# Notice of Service of Process

**A3M / ALL**
**Transmittal Number: 19788229**
**Date Processed: 05/13/2019**

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Ashley Roberts |

| | |
|---|---|
| **Entity:** | Nationwide Mutual Fire Insurance Company<br>Entity ID Number 3277044 |
| **Entity Served:** | Nationwide Mutual Fire Insurance Company |
| **Title of Action:** | Caramba, Inc. dba Pueblo Viejo vs. Nationwide Mutual Fire Insurance Company and Cheri Lynn McGinnis |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Montgomery County District Court, TX |
| **Case/Reference No:** | 19-04-05426 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/10/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson Law Firm PLLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# CITATION

Cause Number: 19-04-05426

Clerk of the Court
Melisa Miller
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Chad T. Wilson
455 East Medical Center Blvd Suite 555
Webster TX 77598

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:     Nationwide Mutual Fire Insurance Company
        Registered Agent, Corporation Service Company
        211 E 7th Street Suite 620
        Austin TX 78701-3218

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 410th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition, Jury Demand, and Request for Disclosure was filed in said court on this the 17th day of April, 2019 numbered 19-04-05426 on the docket of said court, and styled, Caramba, Inc. dba Pueblo Viejo VS. Nationwide Mutual Fire Insurance Company and Cheri Lynn McGinnis

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 18th day of April, 2019.

Melisa Miller, District Clerk
Montgomery County, Texas

By:_____
Terrell Mizell, Deputy     Signed: 4/18/2019 09:24 AM

# OFFICER'S RETURN

Cause No. 19-04-05426                                        Court No: 410th Judicial District Court
Style: Caramba, Inc. dba Pueblo Viejo VS. Nationwide Mutual Fire Insurance Company and Cheri Lynn
McGinnis
To:          Nationwide Mutual Fire Insurance Company
Address:     Registered Agent, Corporation Service Company
             211 E 7th Street Suite 620
             Austin TX 78701-3218

Came to hand the ___ day of _____, 20__, at _____ o'clock, and executed in _____
County, Texas by delivering to each of the within named defendants in person, a true copy of this citation
with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's
Original Petition, Jury Demand, and Request for Disclosure at the following times and places, to wit:

Name                Date/Time        Place, Course and distance from Courthouse

_____      _____     _____

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:
_____
And the cause of failure to execute this process is:
_____
And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy   $_____
                                                   _____OFFICER
TOTAL                       $_____
                                                   _____County, Texas

                                         By: _____, Deputy

# AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with
Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and
return. The return must either be verified or be signed under penalty of perjury.

| | |
|---|---|
| A return signed under penalty of perjury must contain the statement below in substantially the following form: | |
| My full name is _____ | _____ |
| My date of birth is ___/___/____, and my address is | Declarant/Authorized Process Server |
| _____. | _____ |
| | ID# & Exp. Of Certification |
| I DECLARE UNDER PENALTY OF PERJURY THAT THE | |
| FOREGOING IS TRUE AND CORRECT | SWORN AND SUBSCRIBED ON |
| Executed in_____, County, State of | |
| _____, on the ____ day of _____, 20___. | _____ |
| | DATE |
| _____ | |
| Declarant/Authorized Process Server | |
| _____ | _____ |
| ID# & Exp. Of Certification | NOTARY |

Received and E-Filed for Record
4/17/2019 3:22 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Katelyn Best

19-04-05426

CAUSE NO. _____

| | | |
|---|---|---|
| CARAMBA, INC. DBA PUEBLO VIEJO, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | **Montgomery County - 410th Judicial District Court** |
| | § | |
| V. | § | |
| | § | MONGTOMERY COUNTY, TEXAS |
| NATIONWIDE MUTUAL FIRE | § | |
| INSURANCE COMPANY AND CHERI | § | |
| LYNN MCGINNIS, | § | |
| | § | |
| *Defendants.* | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Caramba, Inc. DBA Pueblo Viejo, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Nationwide Mutual Fire Insurance Company ("Nationwide") and Cheri Lynn McGinnis ("McGinnis") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Caramba, Inc. dba Pueblo Viejo, resides in Mongtomery County, Texas.

3. Defendant, Nationwide Mutual Fire Insurance Company, is an Ohio insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Nationwide Mutual Fire Insurance Company through its registered agent for service: **Corporation Service Company, 211 E 7th Street, Suite 620, Austin Texas 78701-3218.** Plaintiff requests service at this time.

4.     Defendant Cheri Lynn McGinnis is an individual resident of Alvin, Texas.  McGinnis may

be served with citation at the address listed with the Texas Department of Insurance:  **1**

**Nationwide Gateway, Department 5574, Des Moines, Iowa 50391-5574**.  Plaintiff

requests service at this time.

### JURISDICTION

5.     The Court has jurisdiction over because this Defendant engages in the business of insurance

in the State of Texas, and the causes of action arise out of Defendant's business activities

in the state, including those in Mongtomery County, Texas, with reference to this specific

case.

6.     The Court has jurisdiction over McGinnis because this Defendant engages in the business

of adjusting insurance claims in the State of Texas, and the causes of action arise out of

Defendant's business activities in the state, including those in Mongtomery County, Texas,

with reference to this specific case.

### VENUE

7.     Venue is proper in Mongtomery County, Texas because the insured property is located in

Mongtomery County, Texas, and all or a substantial part of the events giving rise to this

lawsuit occurred in Mongtomery County, Texas.  TEX. CIV. PRAC. & REM. CODE §

15.032.

### FACTS

8.     Plaintiff asserts claims for breach of contract, violations of sections 541 and 542 of the

Texas Insurance Code, and violations of the Texas DTPA.

9.     Plaintiff owns an Nationwide Mutual Fire Insurance Company homeowner's insurance

2

policy, number ACP 55-3-5868791 ("the Policy").  At all relevant times, Plaintiff owned
the insured premises located at 23724 Loop 494 Porter, Texas 77365 ("the Property").

10.    Nationwide or its agent sold the Policy, insuring the Property, to Plaintiff.  Nationwide or
its agent represented to Plaintiff that the Policy included windstorm and hail coverage for
damage to Plaintiff's home.  Nationwide has refused the full extent of that coverage
currently owed to Plaintiff.

11.    On or about August 25, 2017, the Property sustained extensive damage resulting from a
severe storm that passed through the Porter/ Montgomery County, Texas area.

12.    In the aftermath of the windstorm, Plaintiff submitted a claim to Nationwide against the
Policy for damage to the Property.  Nationwide assigned claim number 450238-GH to
Plaintiff's claim.

13.    Plaintiff asked Nationwide to cover the cost of damage to the Property pursuant to the
Policy.

14.    Nationwide hired or assigned its agent, McGinnis to inspect and adjust the claim. McGinnis
conducted an inspection sometime after the first notice of loss and before August 15, 2017.
McGinnis's findings were that the claim was not covered due to wear and tear. Plaintiff
was left without adequate funds to make repairs on the entirety of their claim.

15.    Nationwide, through its agent, McGinnis, conducted a substandard and improper
inspection of the Property, which grossly undervalued the cost of repairs in its estimate and
yielded an unrealistic amount to underpay coverage.

16.    Nationwide and McGinnis have ultimately refused full coverage which includes, but is not
limited to, replacement of the roof and additional interior damage. The third-party inspector

3

hired to review the damage to the Property found damage to both the main building single ply membrane and modified bitumen roofs. In addition, the third-party inspector found damage to curb flashings, flashing, pitch pan, and gravity roof ventilator that were completely absent from McGinnis's estimate. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: the entry/waiting area, main dining area, rear dining area, kitchen, office stairway, men's restroom, and women's restroom.

17.     The damage to Plaintiff's Property is currently estimated at $423,334.35.

18.     McGinnis had a vested interest in undervaluing the claims assigned to her by Nationwide in order to maintain her employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of on the part of McGinnis.

19.     Furthermore, McGinnis was aware of Plaintiff's $46,910.00 policy deductible prior to inspecting the Property. McGinnis had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

20.     McGinnis misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. McGinnis made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

21.     After reviewing Plaintiff's Policy, McGinnis misrepresented that the damage was caused by non-covered perils. McGinnis used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

4

22.    As stated above, Nationwide and McGinnis improperly and unreasonably adjusted Plaintiff's claim.  Without limitation, Nationwide and McGinnis misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

23.    Nationwide and McGinnis made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Nationwide and Cheri Lynn McGinnis made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Cheri Lynn McGinnis.

24.    Plaintiff relied on Nationwide and McGinnis's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

25.    Upon receipt of the inspection and estimate reports from McGinnis, Nationwide failed to assess the claim thoroughly.  Based upon McGinnis's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Nationwide failed to provide coverage due under the Policy, and Plaintiff suffered damages.

26.    Because Nationwide and McGinnis failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiff's Property.

27.    Furthermore, Nationwide and McGinnis failed to perform their contractual duties to

Plaintiff under the terms of the Policy. Specifically, McGinnis performed an unreasonable and substandard inspection that allowed Nationwide to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

28. Nationwide and McGinnis's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

29. Nationwide and McGinnis's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1).    and Cheri Lynn McGinnis have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Nationwide and McGinnis have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

30. Nationwide and McGinnis's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Nationwide and McGinnis failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

31. Additionally, after Nationwide received statutory demand on or about December 3, 2018, Nationwide has not communicated that any future settlements or payments would be

6

forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

32.   Nationwide and Cheri Lynn McGinnis's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Cheri Lynn McGinnis performed a biased and intentionally substandard inspection designed to allow Nationwide to refuse to provide full coverage to Plaintiff under the Policy.

33.   Specifically, Nationwide and Cheri Lynn McGinnis performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

34.   Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to McGinnis subpar inspection, Nationwide failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

35.   Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to McGinnis's intentional undervaluation of Plaintiff's claims, Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, McGinnis's understatement of the damage to the Property caused Nationwide to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

36.   Nationwide and McGinnis's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these

causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

37.     All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

38.     Nationwide is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Nationwide and Plaintiff.

39.     Nationwide's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40.     Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

41.     Nationwide's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

42.     Nationwide's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy

was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

43.     Nationwide's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

44.     Nationwide's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

45.     Nationwide's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

46.     Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

47.     Nationwide's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

48.     Nationwide's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

9

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49.   Nationwide's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

50.   Nationwide's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Nationwide knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

51.   Nationwide's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Nationwide pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Nationwide.  Specifically, Nationwide's violations of the DTPA include, without limitation, the following matters:

A.   By its acts, omissions, failures, and conduct, Nationwide has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Nationwide's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Nationwide represented to Plaintiff that the Policy and Nationwide's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Nationwide also represented to Plaintiff that the Policy and Nationwide's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, Nationwide advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Nationwide breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Nationwide's actions are unconscionable in that Nationwide took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Nationwide's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Nationwide's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

52.   Each of the above-described acts, omissions, and failures of Nationwide is a producing cause of Plaintiff's damages.  All of the above-described acts, omissions, and failures were

11

committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade
Practices Act.

### CAUSES OF ACTION AGAINST DEFENDANT CHERI LYNN MCGINNIS

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

53.     All allegations above are incorporated herein.

54.     McGinnis's conduct constitutes multiple violations of the Texas Insurance Code, Unfair
        Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

55.     McGinnis is individually liable for his unfair and deceptive acts, irrespective of the fact
        that he was acting on behalf of Nationwide, because McGinnis is a "person," as defined by
        TEX. INS. CODE §541.002(2).

56.     McGinnis knowingly underestimated the amount of damage to the Property.  As such,
        McGinnis failed to adopt and implement reasonable standards for the investigation of the
        claim arising under the Policy.  TEX. INS. CODE §542.003(3).

57.     Furthermore, McGinnis did not attempt in good faith to affect a fair, prompt, and equitable
        settlement of the claim.  TEX. INS. CODE §542.003(4).

58.     McGinnis's unfair settlement practice of failing to provide Plaintiff a prompt and
        reasonable explanation of the basis in the Policy, in relation to the facts or applicable law,
        for partial denial of the claim, also constitutes an unfair method of competition and an
        unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

59.     McGinnis's unfair settlement practice of failing to attempt in good faith to make a prompt,
        fair, and equitable settlement of the claim, even though liability under the Policy was

reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

60.     All allegations above are incorporated herein.

61.     McGinnis's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by McGinnis pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against McGinnis.  Specifically, McGinnis's violations of the DTPA include the following matters:

A.     By this Defendant's acts, omissions, failures, and conduct, McGinnis has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  McGinnis's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.     McGinnis represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.     McGinnis represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.      McGinnis's actions are unconscionable in that McGinnis took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. McGinnis's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.      McGinnis's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

62.   Each of McGinnis's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by McGinnis, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

63.   Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

64.   Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

65.   The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden

14

to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

66.    Plaintiff currently estimates that actual damages to the Property under the Policy are $488,323.87.

67.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

68.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

69.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

70.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

71.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of

duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount owed, exemplary damages, and damages for emotional distress.

72.     Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

73.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

74.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will

16

ultimately determine the monetary relief actually awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

75.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

76.    Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Montgomery County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Nationwide Mutual Fire Insurance Company and Cheri Lynn McGinnis, be cited and served to appear, and that upon trial hereof, Plaintiff,  Caramba, Inc. DBA Pueblo Viejo, has and recovers from Defendants, Nationwide Mutual Fire Insurance Company and Cheri Lynn McGinnis, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Caramba, Inc. dba Pueblo Viejo, may show Plaintiff is justly entitled.

17

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No. 13631900
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

18



LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY SUITE #307
DALLAS, TEXAS 75240

**CERTIFIED MAIL**

7019 0140 0000 4211 1393



US POSTAGE
$07.50°
First-Class
Mailed From 75240
05/07/2019
032A 0031855100

**CORPORATION SERVICE COMPANY**

**211 E. 7th STREET., #620**

**AUSTIN, TEXAS 78701**