United States District Court
Southern District of Texas
**ENTERED**
December 23, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARAMBA, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1973 |
| | § | |
| NATIONWIDE MUTUAL FIRE | § | |
| INSURANCE COMPANY, | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

This insurance dispute is before the Court on the Motion for Judgment on the Pleadings ("Motion") [Doc. # 21] filed August 27, 2020 by Defendant Nationwide Mutual Fire Insurance Company ("Nationwide"). Plaintiff Caramba, Inc. d/b/a Pueblo Viejo ("Caramba") filed a Response [Doc. # 42], and Nationwide filed a Reply [Doc. # 44]. Based on the Court's review of the record and applicable legal authorities, the Court **denies** the Motion.

## **I.    BACKGROUND**

Caramba is the named insured under a Nationwide "Premier Businessowners Policy," No. ACP BPFF 5545868791 (the "Policy").[1] The Policy included insurance for Caramba's commercial property, a restaurant in Porter, Texas (the "Property").

---

[1]   In the Original Petition filed in Texas state court, Caramba alleges that it owns a Nationwide "homeowner's insurance policy, number ACP 55-3-5868791." *See* Original Petition [Doc. # 1-1], ¶ 9.

Caramba filed a claim under the Policy, claiming damage to the Property from Hurricane Harvey in August 2017. On August 27, 2020, Nationwide filed a Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c). The Motion has been fully briefed and is now ripe for decision.

## II. LEGAL STANDARD FOR RULE 12(c) MOTION

Rule 12(c) provides that "[a]fter the pleadings are closed -- ***but early enough not to delay trial*** -- a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c) (emphasis added); *Hale v. United States*, 2017 WL 4512561, *3 (S.D. Tex. Aug. 18, 2017), *aff'd*, 772 F. App'x 213 (5th Cir. 2019). The standard for judgment on the pleadings under Rule 12(c) "is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007). The motion "should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." *Id.*

## III. ANALYSIS

Caramba filed this lawsuit in Texas state court, subject to Texas pleading requirements. Nationwide filed an Answer while the case was pending in state court, asserting a general denial and a single affirmative defense. *See* Answer [Doc. # 1-2], p. 1. Specifically, Nationwide asserted the defense that "Plaintiff failed to give proper

notice under Tex. Ins. Code § 542A.003, precluding or limiting any right Plaintiff may have to recover attorney's fees." *Id*. Nationwide did not challenge the sufficiency of the allegations in Caramba's state court Petition.

Following removal to federal court, the parties filed a Joint Discovery/Case Management Plan ("Case Management Plan"). In response to the question asking each party to identify any "threshold issues that are or likely will be asserted by each party," Nationwide stated "Nationwide denies that it has breached any duty to Plaintiff, contractual or otherwise, and denies that it is liable for any damages claimed by Plaintiff in this lawsuit." Case Management Plan [Doc. # 9], p. 2. Nationwide did not identify the adequacy of Caramba's pleading as an issue it was likely to assert.

On November 13, 2019, Nationwide filed its First Amended Answer [Doc. # 17]. Although Nationwide asserted sixteen affirmative defenses, none challenged the sufficiency of Caramba's allegations under Rule 12(b)(6) or Rule 12(c).

On August 27, 2020, Nationwide filed the pending Motion challenging for the first time the adequacy of the allegations in Caramba's pleading. At that point, Nationwide had designated relevant experts and conducted discovery. The parties' Joint Pretrial Order was due in less than two months, and docket call was scheduled for October 29, 2020. The Joint Pretrial Order deadline and the docket call setting

have been extended twice as a result of Nationwide's pending motions, with docket call currently scheduled for January 20, 2021.

Rule 12(c) requires that a Motion for Judgment on the Pleadings be filed "early enough not to delay trial." FED. R. CIV. P. 12(c). If the Court were to grant Nationwide's Rule 12(c) Motion, it would permit Plaintiff to amend its pleading. *See, e.g.*, *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Meyer v. Coffey*, 231 F. Supp. 3d 137, 152 (N.D. Tex. 2017) (Rule 12(c) dismissal); *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 568 (N.D. Tex. 2005). As a result, the Motion was filed at a time when it would necessarily delay trial. *See Spotted Cat, LLC v. Bass*, 2014 WL 5209943, *1 (E.D. La. Oct. 14, 2014). As a result, the Court denies Nationwide's 12(c) Motion.

## IV.   CONCLUSION AND ORDER

Nationwide did not file its Motion for Judgment on the Pleadings early enough not to delay trial in this case. As a result, it is hereby

**ORDERED** that the Motion for Judgment on the Pleadings [Doc. # 21] is **DENIED**.

SIGNED at Houston, Texas, this 23rd day of **December, 2020**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE