United States District Court
Southern District of Texas
**ENTERED**
December 29, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARAMBA, INC. d/b/a Pueblo Viejo, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-19-1973 |
| § | | |
| NATIONWIDE MUTUAL FIRE § | | |
| INSURANCE COMPANY, § | | |
|    Defendant. § | | |

## MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 25] filed by Defendant Nationwide Mutual Fire Insurance Company ("Nationwide"). Plaintiff Caramba, Inc. d/b/a Pueblo Viejo ("Caramba") filed a Response [Doc. # 33], and Nationwide filed a Reply [Doc. # 37]. Having reviewed the full record and the applicable legal authorities, the Court **denies** summary judgment on the breach of contract claim and **grants** summary judgment on the extra-contractual claims.

### I.    BACKGROUND

Caramba is the named insured under a Nationwide "Premier Businessowners Policy," No. ACP BPFF 5545868791 (the "Policy"). The Policy provided coverage for Caramba's commercial property, a restaurant in Porter, Texas (the "Property"), for the period October 27, 2016 to October 27, 2017.

Caramba claims the Property sustained wind damage, and resulting interior water damage, in August 2017 from Hurricane Harvey. Caramba's roofing contractor, Alejandro Gonzalez of Champion Renovation Roofing ("Champion"), inspected the Property in early September 2017, after Hurricane Harvey. In June 2018, Champion applied a black asphalt coating to the metal roof at the Property, made temporary repairs to the tile roof, and repaired some interior damage. Caramba filed its claim under the Policy on June 26, 2018.

The next day, Nationwide's adjuster, Cheri McGinnis, contacted Caramba's principal, Alejandro Lozano, to discuss the claim. McGinnis requested additional information, and she inspected the Property on July 9, 2018.

On July 13, 2018, McGinnis engaged Stephens Engineering Consultants, Inc. ("Stephens") to investigate the extent and cause of the damage to the Property. On July 27, 2018, Stephens representative Wiryaputra Pramono inspected the Property. Stephens issued its written report ("Stephens Report") [Doc. # 22-4] on August 10, 2018. The Stephens Report contained the opinion that Caramba's Property did not sustain any wind damage from Hurricane Harvey. *See* Stephens Report, p. 8.

On August 17, 2018, Nationwide denied Caramba's claim. Caramba retained counsel and submitted additional information, including a $420,612.87 damage

estimate from DELK, LLC ("DELK"). *See* DELK Estimate, Exh. E-5 to Motion, p. 12.[1] On February 9, 2019, Nationwide reaffirmed its denial of Caramba's claim.

On April 17, 2019, Caramba filed this lawsuit in the 410th Judicial District Court of Montgomery County, Texas. Nationwide filed a timely Notice of Removal [Doc. # 1] on May 31, 2019. After the close of discovery, Nationwide filed its Motion for Summary Judgment. The Motions has been fully briefed and is now ripe for decision.

## II.     LEGAL STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to its case and on which it will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d

---

[1]  Caramba later obtained an estimate from Kevin Funsch, who estimated the value of the damage to the Property at $190,088.93. *See* Funsch Estimate [Doc. # 20-2], p. 1.

at 594. Where the movant bears the burden of proof at trial on the issues at hand, it "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Brandon v. Sage Corp.*, 808 F.3d 266, 269-70 (5th Cir. 2015); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

For summary judgment, the initial burden falls on the movant to identify areas in which there is an "absence of a genuine issue of material fact." *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012). The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific evidence showing that there is a genuine issue of material fact for trial. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004); *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"'Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.'" *Pioneer Exploration, L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002)); *accord Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Although the Court may not make credibility determinations or weigh any evidence, the Court is not required to accept conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 413); *accord, Little*, 37 F.3d at 1075. Instead, the nonmoving party must present evidence of specific facts that show "the existence of a genuine issue

concerning every essential component of its case." *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III. BREACH OF CONTRACT CLAIM

Nationwide argues that it is entitled to summary judgment on Caramba's breach of contract claim because Caramba failed to give prompt notice of the damage to the Property, and failed to segregate covered from non-covered damage. Genuine issues of material fact preclude summary judgment on this claim.

### A. Failure to Give Prompt Notice

"A fundamental principle of contract law is that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from any obligation to perform." *Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 127 (5th Cir. 2017) (quoting *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994)). Nationwide argues that it is entitled to summary judgment on Caramba's breach of contract claim because Caramba materially breached the Policy by failing to give prompt notice of its loss.

Under the Policy, the insured is required to provide "prompt notice of the loss or damage." Policy [Doc. # 22-3], ECF p. 33. Texas courts construe undefined phrases such as "prompt notice" to mean "within a reasonable time after the occurrence." *See, e.g., Alaniz v. Sirius Int'l Ins. Corp.*, 626 F. App'x 73, 76 (5th Cir. 2015) (quoting *Ridglea Estate Condo. Ass'n v. Lexington Ins. Co.*, 415 F.3d 474, 479 (5th Cir. 2005)); *Montemayor v. State Farm Lloyds*, 2016 WL 4921553, *2 (S.D. Tex. Apr. 7, 2016). It is undisputed that Caramba first gave notice of the damage to the Property on June 26, 2018, ten months after Hurricane Harvey. This delay, without explanation, was not "prompt notice" under the Policy. *See Alaniz*, 626 F. App'x at 77 (and cases cited therein at fn. 2).

In addition to showing that any delay in providing notice was unreasonable, a party asserting prior material breach must show prejudice from the delay. *See, e.g., PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 636-37 (Tex. 2008); *Ridglea*, 415 F.3d at 480; *Alaniz*, 626 F. App'x at 78 n.3. Nationwide has presented evidence that it was prejudiced by the delay because the layer of black coating applied to the roof "made it difficult to inspect for damage and a storm-created opening caused by Hurricane Harvey." *See* Declaration of Cheri McGinnis, Exh. E to Motion, ¶ 4. Caramba notes, however, that Stephens representative Wiryaputra Pramono inspected the Property on July 27, 2018. *See id.*, ¶ 5. There is no indication in the Stephens

Report [Doc. # 22-4] that Pramono encountered any difficulties inspecting the roof of the Property. Following his inspection, Pramono issued the Stephens Report in which he described his observations and conclusions. His primary conclusion regarding wind damage was that "the reported wind speeds on the date of loss were insufficient to cause wind damage to the roofing." *See* Stephens Report, p. 8. There is nothing to suggest that Pramono's ability to reach this conclusion was prejudiced in any way by the 10-month delay. As a result, the evidence in the record raises a genuine issue of material fact regarding whether the delay in providing notice of the damage to the Property prejudiced Nationwide.

Caramba argues that Nationwide waived the "prompt notice" defense. "Under Texas law, '[w]aiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.'" *Cont'l Ins. Co. v. Dawson*, 642 F. App'x 309, 312 (5th Cir. 2016) (quoting *Sun Expl. & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987)).

Caramba served Interrogatories on Nationwide asking for "all defenses [Nationwide] alleges it has to Plaintiff's recovery. . .." *See* Interrogatory No. 18, Exh. A to Response [Doc. # 33]. Caramba advised that it would "object at trial for any defense or factual matter not stated." *See id.* Rather than identify its defenses, Nationwide responded "Please see Nationwide's live answer to Plaintiff's live petition

and any supplements or amendments thereto." *See id.* Nationwide's only response to Caramba's waiver argument is that its Amended Answer asserted the prompt notice defense. *See* Reply [Doc. # 37], p. 2. The Amended Answer was filed November 13, 2019. At the time the answers to interrogatories were filed on November 1, 2019, "Nationwide's live answer" was its answer filed in state court. That pleading did not assert Caramba's failure to give prompt notice as a defense. There is no indication in the record that Nationwide supplemented its response to Interrogatory No. 18. It is undisputed, however, that Nationwide asserted the "prompt notice" defense in its Amended Answer filed November 13, 2019.

Effectively, Nationwide waited approximately seven months to assert the defense that Caramba waited approximately ten months to report the loss. The Court cannot, however, find that Nationwide's response to Interrogatory No. 18 constituted the intentional relinquishment of its right to assert a defense based on Caramba's failure to comply with the prompt notice requirement.

In summary, Nationwide has not waived the defense that Caramba materially breached the Policy by failing to give prompt notice of damage to the Property, but there are genuine issues of material fact regarding the prejudice element of that defense. Therefore, the Court denies Nationwide's Motion for Summary Judgment on this defense.

### B.     Failure to Segregate Damage

Under Texas law, "when covered and non-covered perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Certain Underwriters at Lloyd's of London v. Lowen Valley View, LLC*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Lyons v. Millers Cas. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993)).  In the *Lloyd's* case, the evidence established that "several hail storms struck the vicinity of the hotel in the several years preceding Lowen Valley's claim [but only] one of these storms fell within the coverage period."  *Lloyd's*, 892 F.3d at 170.  The segregation of damages issue is not an affirmative defense, but is based on the principle that "insureds are not entitled to recover under an insurance policy unless they prove their damage is covered by the policy."  *Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 303 (Tex. App. -- San Antonio 1999, pet. denied).

Nationwide argues that Caramba failed to segregate covered damages from non-covered damages resulting from prior wind events, HVAC leaks, and missing roofing tiles.  In response, Caramba has presented evidence that the damages have been segregated to the extent applicable.  Caramba's causation expert, Neil Hall, explained that his Report described all damage to the Property, but his recommendations in the

Report related specifically to damage that was tied to Hurricane Harvey. *See* Deposition of Neil Hall, Exh. B to Doc. # 30], pp. 31-32.

Nationwide has presented evidence that there were prior wind events near the Property that could have caused some or all of the wind damage. *See* Declaration of Eric Moody [Doc. # 25-8]. Hall, Caramba's expert, disputes the CoreLogic "Wind Verification Report" relied upon by Moody, noting specifically that the weather data collected by the National Weather Service "does not substantiate the wind speeds" reported by CoreLogic. *See* Declaration of Neil Hall [Doc. # 33-3], ¶ 6. This evidence creates a genuine fact dispute regarding whether there were other wind events that could have caused non-covered damage that needed to be segregated. The Motion for Summary Judgment on this defense is denied.

## IV.    EXTRA-CONTRACTUAL CLAIMS

In addition to the breach of contract claim, Caramba asserts extra-contractual claims against Nationwide. Specifically, Caramba asserts an unfair settlement practices claim under § 541.060 of the Texas Insurance Code, prompt notice and payment claims under § 524.056 and § 524.058 of the Texas Insurance Code, a breach of the duty of good faith and fair dealing claim, and a claim asserting a violation of the Texas Deceptive Trade Practices Act ("DTPA").

Under Texas law, insurers have a duty to deal fairly and in good faith with their insureds when processing claims. *See Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997). To support a claim that the insurer breached this duty of good faith and fair dealing, "the insured must establish the absence of a reasonable basis for denying or delaying payment of the claim and that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim." *Id.* "The insured must prove that there were no facts before the insurer which, if believed, would justify denial of the claim." *Id.* "As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Id.*

Where, as here, claims under the Texas Insurance Code and the Texas DTPA are joined with a claim for breach of the duty of good faith and fair dealing, and are based on the same theory which underlies the bad faith claim, the statutory claims cannot survive if the bad faith claim fails.[2] *See Umang Residency LLC v. Tri-State*

---

[2] Caramba asserts a notice claim under Section 542.056 of the Texas Insurance Code that is not based on Nationwide's *denial* of its insurance claim. As to this claim, however, the evidence is undisputed that Nationwide notified Caramba of its claim decision within fifteen (15) days after receiving all items requested. This satisfies the requirements of § 542.056 and, therefore, Nationwide is entitled to summary judgment on this Texas Insurance Code claim.

*Ins. Co. of Minnesota*, 2020 WL 3545659, \*3 (W.D. Tex. June 30, 2020) (citing *Higginbotham*, 103 F.3d at 460).

In support of its bad faith claims, Caramba offers evidence from its causation expert Hall.[3] Hall opines that the damage to Caramba's Property was caused by winds during Hurricane Harvey and was covered under the Policy. Hall's opinions contradict the opinions of Nationwide's expert set forth in the Stephens Report that there was no covered wind or hail damage. A disagreement between experts is not evidence of bad faith, only of a *bona fide* coverage dispute. There is no evidence that the Stephens Report was so facially deficient that Nationwide knew or should have known that it could not be relied upon and that, instead, there was no reasonable basis to deny Caramba's claim. Similarly, there is no evidence in the summary judgment record that raises a triable issue regarding whether Nationwide or its representatives were biased against Caramba when processing its claim. As a result, Caramba's evidence shows only a "bona fide coverage dispute" that does not support bad faith claims. *See Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 526 (5th Cir. 2015). Nationwide is entitled to summary judgment on the extra-contractual claims.

---

[3] Caramba also submitted the report and deposition testimony of Gary Johnson, its expert on claims processing issues. By Memorandum and Order [Doc. # 24], the Court excluded Johnson's opinions and testimony.

## V.     CONCLUSION AND ORDER

The parties have presented evidence that raises genuine issues of material fact in connection with the breach of contract claim.  Plaintiff's evidence does not, however, raise a genuine issue of material fact in support of the extra-contractual claims.  As a result, it is hereby

**ORDERED** that Nationwide's Motion for Summary Judgment [Doc. # 25] is **DENIED** as to the breach of contract claim and **GRANTED** as to the extra-contractual claims.

SIGNED at Houston, Texas, this **29th** day of **December, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE