United States District Court
Southern District of Texas
**ENTERED**
January 26, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARAMBA, INC. d/b/a Pueblo Viejo,   Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-19-1973 |
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,   Defendant. | § § § § | |

# MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on the Motion for Clarification or Reconsideration ("Motion") [Doc. # 54] filed by Plaintiff Caramba, Inc. d/b/a Pueblo Viejo ("Caramba"). Caramba seeks reconsideration[1] of the Court's Memorandum and Order [Doc. # 48] entered December 29, 2020, only to the extent it granted summary judgment in favor of Defendant Nationwide Mutual Fire Insurance Company ("Nationwide") on Caramba's claim pursuant to § 542.058 of the Texas Insurance Code. Nationwide filed a Response [Doc. # 58], and Caramba filed a Reply [Doc. # 59]. Having reviewed the full record and the applicable legal authorities, the Court **denies** Caramba's Motion.

---

[1] Caramba's Motion is entitled one for clarification or reconsideration. Because it is clear from the Memorandum and Order that the Court granted summary judgment on all extra-contractual claims, the Motion will be treated as one for reconsideration of that ruling as to the § 548.058 claim.

I.      **BACKGROUND**

Caramba is the named insured under a Nationwide "Premier Businessowners Policy," No. ACP BPFF 5545868791 (the "Policy"). The Policy provided coverage for Caramba's commercial property, a restaurant in Porter, Texas (the "Property"), for the period October 27, 2016 to October 27, 2017.

Caramba alleges that the Property sustained wind damage, and resulting interior water damage, in August 2017 from Hurricane Harvey. Caramba filed a claim under the Policy on June 26, 2018. The next day, Nationwide's adjuster, Cheri McGinnis, contacted Caramba's principal, Alejandro Lozano, to discuss the claim. McGinnis requested additional information, and she inspected the Property on July 9, 2018.

On July 13, 2018, McGinnis engaged Stephens Engineering Consultants, Inc. ("Stephens") to investigate the extent and cause of the damage to the Property. After its representative inspected the Property on July 27, 2018, Stephens issued its written report ("Stephens Report") on August 10, 2018. The Stephens Report contained the opinion that Caramba's Property did not sustain any wind damage from Hurricane Harvey. *See* Stephens Report [Doc. # 22-4], p. 8.

On August 17, 2018, Nationwide denied Caramba's claim. Caramba retained counsel and submitted additional information, including a $420,612.87 damage estimate from DELK, LLC ("DELK"). *See* DELK Estimate, Exh. E-5 to Motion for

Summary Judgment, p. 12. On February 9, 2019, Nationwide reaffirmed its denial of Caramba's claim.

On April 17, 2019, Caramba filed this lawsuit in the 410th Judicial District Court of Montgomery County, Texas. Nationwide filed a timely Notice of Removal [Doc. # 1] on May 31, 2019.

On February 14, 2020, Caramba's damages expert, Kevin Funsch, issued his expert report. Funsch opined that the damages to the Property from Hurricane Harvey were $190,088.93, significantly below the DELK estimate.

On August 28, 2020, Nationwide filed its Motion for Summary Judgment. Caramba filed a timely response. On December 29, 2020, the Court issued its Memorandum and Order denying summary judgment on the breach of contract claim and granting summary judgment on all extra-contractual claims. Caramba filed the pending Motion seeking reconsideration as to the § 542.058 claim. The Motion has been fully briefed and is now ripe for decision.

## II. APPLICABLE LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure allows a party to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time an order or other decision that does not end the case. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citing FED. R. CIV. P. 54(b)). "Under Rule

54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id*. (internal quotation marks and citations omitted). "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting 'the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id*. at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)).

The discretion to modify an interlocutory order does not eliminate "the policy reasons behind discouraging motions for reconsideration which rehash the same arguments or, without justification, raise new arguments for the first time." *DAC Surgical Partners P.A. v. United Healthcare Servs., Inc.*, 2017 WL 3484507, *2 (S.D. Tex. Aug. 14, 2017). Otherwise, Rule 54(b) would eliminate a party's "incentive to raise all relevant arguments at first consideration of an issue." *Id*. The fact that the Court has discretion to revise interlocutory orders does not give a party the right to choose to ignore issues raised by the opposing party, then seek relief under Rule 54(b) when the strategy proves unsuccessful. *See id*. This Court must exercise its broad discretion under Rule 54(b) sparingly to prevent the unnecessary reexamination of interlocutory orders with the resulting burdens, including expense and delay. *See Poincon v. Offshore Marine Contractors, Inc.*, 2020 WL 6822535, *2 (E.D. La. Nov.

20, 2020) (citing *Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993)).

### III. ANALYSIS

In its Motion for Summary Judgment, Nationwide argued in a separate section entitled "Tex. Ins. Code § 542.058" that "Plaintiff cannot show Nationwide wrongfully rejected the claim or otherwise delayed payment." *See* Motion for Summary Judgment [Doc. # 25], p. 25. In its Response, Plaintiff did not address Nationwide's argument or otherwise discuss the § 542.058 claim. Specifically, Plaintiff did not present evidence to raise a genuine issue of material fact that Nationwide wrongfully delayed payment in violation of § 542.058. The Court granted summary judgment on all extra-contractual claims, including those based on Chapter 542 of the Texas Insurance Code. *See* Memorandum and Order [Doc. # 48], p. 14.

In its Motion seeking reconsideration, Caramba argues that "Section 542.058 and 542.060 do not require any predicate of a bad faith finding."[2] Motion, p. 1. Caramba correctly states this legal principle. To prevail on a claim under § 524.058,

---

[2] Section 542.058 provides the requirement for the insurer to make prompt payment after receiving all necessary materials, while § 542.060 provides the remedy for a violation of the prompt-payment requirement. The available remedy for a violation of § 548.058 is recovery of attorneys' fees and statutory interest "beginning on the date the claim was required to be paid." TEX. INS. CODE § 542.060.

"it is not necessary for a plaintiff to prove that the insurer acted wrongfully or in bad faith." *Agredano v. State Farm Lloyds*, 975 F.3d 504, 507 (5th Cir. 2020) (citing *Biasatti v. GuideOne Nat'l Ins. Co.*, 601 S.W.3d 792, 794-95 (Tex. 2020)). "The statute requires only liability under the policy and a failure to comply with the timing requirements" of § 524.058. *Id.*

Even where, as here, the insured avoids summary judgment on the breach of contract claim, it still bears the burden to establish its right to Chapter 542 remedies. *See Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004). To establish a violation of § 542.058, the insured must prove that (1) it made a claim under an insurance policy, (2) the insurer is liable for that claim, and (3) the insurer failed to comply with the timing requirements of the statute. *See, e.g., United Nat'l Ins. Co. v. AMJ Invs., LLC*, 447 S.W.3d 1, 13 (Tex. App. – Houston [14th Dist.] 2014, pet. dism'd). Section 542.058 generally requires the insurer, "after receiving all items, statements, and forms reasonably requested and required under Section 542.055," to make payment of the claim within sixty days. TEX. INS. CODE § 542.058(a). Therefore, to avoid summary judgment on the § 542.058 claim, Plaintiff was required to present evidence to raise a genuine issue of material fact regarding when Nationwide received "all items, statements, and forms reasonably requested and required" under the Texas Insurance Code.

Plaintiff did not identify or cite to any evidence in the record showing when Nationwide received "all items, statements, and forms reasonably requested and required under Section 542.055," an essential element of the § 542.058 claim. In the Reply to its Motion seeking reconsideration, Plaintiff notes that it alleged in the Complaint that it sent "its letter as per Section 542A" to Nationwide on December 3, 2018. *See* Reply, p. 3. To avoid summary judgment, however, Caramba was required to go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004).

Plaintiff in its Reply to its Motion for reconsideration cites to evidence in the record which it now claims establishes August 15, 2018 as the relevant date when Nationwide had all the necessary information. *See* Reply, pp. 3-4. Plaintiff did not cite this evidence in the summary judgment record during the summary judgment briefing. "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.*

Moreover, the evidence Plaintiff now cites does not raise a genuine issue of material fact that Nationwide had all necessary information by August 15, 2018. It is undisputed that after that date, Plaintiff submitted the DELK report which valued the damage to the Property at $423,334.35. Later, on February 14, 2020, Plaintiff's damages expert issued his report which valued the damage to the Property at $190,088.93. Plaintiff has failed to present evidence of a date on which Nationwide had all information necessary to decide the claim, including information from Plaintiff's damages expert valuing the damage to the Property at less than half Plaintiff's original claim.

In summary, Plaintiff failed to address the § 542.058 claim in any manner in its Response to the Motion for Summary Judgment. Importantly, Plaintiff failed to present evidence that raised (or now raises) a genuine issue of material fact regarding an essential element of the § 542.058 claim. Plaintiff offers no explanation for its failure to oppose Defendant's motion for summary judgment on the § 542.058 claim specifically, and the Court exercises its discretion to deny Plaintiff the opportunity to address the claim for the first time at this late date.

### IV.    **CONCLUSION AND ORDER**

In its Response to Nationwide's Motion for Summary Judgment, Plaintiff presented neither evidence nor legal argument to support its § 548.058 claim. As a

result, the Court exercises its discretion under Rule 54(b) not to revise its prior ruling based on new arguments that could have been raised during the summary judgment briefing and on newly-cited evidence that fails to raise a genuine issue of material fact. It is hereby

**ORDERED** that Caramba's Motion for Clarification or Reconsideration [Doc. # 54] is **DENIED**.

SIGNED at Houston, Texas, this 26th day of **January, 2021**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE